IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

JANICE KING, )
 )
 Plaintiff, )
 )
v. ) Case No. 11-4001-WEB
 )
DONNA HUFFMAN, et al., )
 )
 Defendant. )

MEMORANDUM AND ORDER

The Plaintiff Janice King filed this lawsuit alleging violations of 42 U.S.C. § 1983. Plaintiff has filed a motion to proceed in forma pauperis. (Doc. 3).

Plaintiff has filed numerous cases in Federal Court. A review of case 10-4152-JAR shows that Plaintiff filed the same claims against the same defendants as alleged in this case. However, in the 2010 case, the Plaintiff included an additional claim of conspiracy to commit an offense or to defraud the United States, in violation of 18 U.S.C. § 371. Judge Robinson, in a concise and direct opinion, determined that the court was without jurisdiction to address her claim under 18 U.S.C. § 371, and that Plaintiff failed to allege facts to support a claim under 42 U.S.C. § 1983. Judge Robinson dismissed the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. (10-4152, Doc. 4).

The Plaintiff filed this action, which contains the same allegation of "aggravated interferences with and to the petitioner in matters before another court," in violation of 42 U.S.C. § 1983. However, in the action before this court, the Plaintiff provided a factual basis for her complaint, which she had not done in case number 10-4152. The Plaintiff alleges the defendants have "taken turns to create irreparable harm to the Petitioner in reputation and income by their

1

collective acts." Plaintiff raises claims against her ex-husband and his wife based on the Shawnee County divorce action, claims against Landrith based on non-payment of employment earnings, claims against La Pari based on his relationship with Landrith, and claims against Huffman based on her involvement in Plaintiff's termination from a prior employment. Plaintiff further states, "In a pattern of practice of the situation of the dissolved marriage, Petitioner was manipulated and sucked into the lives of Respondent David Martin Price and Rosemary Denise Price where Petitioner was literally and factually nothing more than a servant to the Prices for the duration of her associations with them."

Plaintiff argues that she has been "subjected to irreparable harm to this Petitioner in reputation by and through defamation of character, libel and slander, involuntary servitude; false imprisonment; loss of real and tangible property, loss of personal property; aggravated interferences with the parent - child relationship between the petitioner and her own children." Plaintiff seeks monetary damages, as well as a waiver to child support arrears (it is unclear if she owes the money, or if the money is owed to Plaintiff, although a review of <u>State of Kansas, Dept. of Child Support Enforcement v. King</u>, 09-4109-JAR leads the court to believe that Plaintiff owes the back child support).

Although Plaintiff has set forth a factual basis in support of her claim, the analysis in this case mirrors the analysis in Judge Robinson's case. Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives another of his federal rights." <u>Conn v. Gabbert</u>, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50,

119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Private conduct may constitute state action when it is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Two conditions must be met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Id.

Considering the factual basis provided by the Plaintiff, the complaint fails to satisfy either of the conditions set forth in Lugar. The Plaintiff has not pled any facts that show the conduct of the defendants can be attributed to the State, nor has the Plaintiff set forth any facts to show the defendants were state actors. Reviewing Plaintiff's complaint in the light most favorable to her, the Plaintiff has not pled facts to show the defendants acted under the color of state law, nor has the Plaintiff alleged any constitutional violation.

Judge Robinson provided a through analysis of the standard under 28 U.S.C. § 1915(e)(2)(B)(ii)[1], and the court will not restate it here. As stated above, Plaintiff has not set forth facts in the complaint to support a cause of action under section 1983. It is obvious that Plaintiff cannot prevail on the facts alleged in the complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 3) is granted.

---

[1]28 U.S.C. § 1915(e)(2)(B)(ii) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."

IT IS FURTHER ORDERED that this action is dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 28th day of January, 2011.

    s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge